IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | CR 03-463-01-HA |
| v. | ORDER REVOKING SUPERVISED RELEASE TERM, |
| JOHNNY ROTHY PALMER | IMPOSING SENTENCE, AND REIMPOSING SUPERVISED |
| Defendant. | RELEASE TERM |

On April 5, 2004, this Court sentenced defendant to the custody of the Bureau of Prisons for a period of 37 months to be followed by a 3-year term of supervised release subject to standard and special conditions. The term of supervised release commenced December 24, 2006.

On February 15, 2007, this Court issued a Warrant of Arrest and Order to Show Cause why defendant's term of supervised release should not be revoked based on the probation officer's allegations that defendant violated the conditions of release.

On June 11, 2007, defendant appeared with counsel at a hearing to determine whether defendant's supervised release should not be revoked. The Court found the defendant had violated the conditions of supervised release by engaging in new criminal activity (Possession of a Controlled Substance II, Possession of Less Than One Ounce of Marijuana) and using controlled substances.

It is the finding of the Court that defendant violated the conditions of supervised release.

It now appearing to the Court defendant is no longer suitable for continued community supervision,

**IT IS ORDERED** defendant's term of supervised release is revoked and defendant is committed to the custody of the Bureau of Prisons for a period of 12 months, to be served concurrent with Multnomah County Circuit Court #00-09-37210 and with credit for time served beginning February 15, 2007.

**IT IS FURTHER ORDERED** that upon release from imprisonment, defendant is subject to reimposition of supervised release, pursuant to 18 USC § 3583(h), and is ordered to a term of supervised release for 24 months, subject to the standard conditions and the following special conditions: (1) The defendant shall reside in and participate in the program of an inpatient drug treatment center, as directed by the probation officer, for a period not to exceed six (6) months; and (2) The defendant shall reside in and satisfactorily participate in a residential re-entry center to include a prerelease component, if determined appropriate by the residential re-entry center manager and the U.S. Probation Officer, for up to 120 days or until discharged by the residential re-entry center manager and the U.S. Probation Officer.

**DATED** this __11__ day of June, 2007.

                                                             The Honorable Ancer L. Haggerty
                                                             Chief U.S. District Judge